UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-80132-RLR

UNITED STATES OF AMERICA,

vs.

TYRELL LEON HINDS,

    Defendant.
_____/

FILED BY ___KJZ___ D.C.

Nov 17, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I.    Background

The Defendant, Tyrell Leon Hinds, appeared before the Court on November 16, 2020, for a final hearing on the Petition for Action on Conditions of Supervised Release ("Petitions") [DE 33]. Defendant was originally convicted in the Southern District of Florida of Possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), a Class C Felony. *Id*. On November 6, 2018, United States District Judge Robin L. Rosenberg sentenced Defendant to Custody of the Bureau of Prisons for 30 months, followed by two years of Supervised of Release. *Id*. Defendant's term of supervised release commenced on July 17, 2020. *Id*. All terms were to run concurrently. *Id*.

Defendant is now charged with the following four violations of his supervised release in the Petition [DE 33]:

1. **Violation of Mandatory Condition:** by unlawfully possessing or using a controlled substance. On July 17 and 27, 2020, the defendant submitted urine specimens which tested positive for the presence of marijuana in the PTS local laboratory; and

1

subsequently confirmed positive by Alere Incorporated.

2. **Violation of Mandatory Conditions:** by unlawfully possessing or using a controlled substance. On August 4 and 11, 2020, the defendant submitted urine specimens which tested positive for the presence of marijuana in the PTS local laboratory; and subsequently confirmed positive by Alere Incorporated.

3. **Violation of Mandatory Conditions:** by unlawfully possessing or using a controlled substance. On September 3, 2020, the defendant submitted urine specimens which tested positive for the presence of marijuana in the PTS local laboratory; and subsequently confirmed positive by Alere Incorporated.

4. **Violation of Special Conditions:** by failing to participate in an approved treatment program. On or about September 3, 2020 and September 10, 2020, the defendant failed to attend his scheduled appointment with Changes Wellness Center Weekly group treatment for substance abuse with Curtis Garland, and to date, has not satisfactorily participated in treatment as directed by the court and monitored by the U.S. Probation Officer.

## II.    Summary of Hearing

At the November 16, 2020 hearing, Defendant appeared by Zoom Video-Teleconference ("VTC") due to the COVID-19 pandemic. Defendant stated that he consented to waive his physical presence in the Courtroom and agreed to appear for the hearing by Zoom VTC. All of Defendant's decisions were made with the advice of competent counsel. The Court found that the hearing could not be delayed without seriously harming the interests of justice, and that Defendant's waiver was knowing and voluntary. Therefore, the Court proceeded with the hearing via Zoom VTC.

At the hearing, upon questioning by the Court, Defendant stated that he was clear-headed

and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he desired to admit to the violations lodged against him.

After being advised of his rights and the maximum penalties he is facing, Defendant waived his right to a contested revocation hearing and admitted to allegations #1-3 as alleged in the Petition. Regarding allegation #4, Defendant admitted the allegation, but advanced an explanation for his failure to participate in an approved treatment program. Specifically, Defendant stated that he was unable to call into the program due to a training at his work running late on one occasion and also had difficulty attending remotely on another occasion. The Court finds that Defendant made his waivers and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations #1-4 and its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations #1-4 as alleged in the Petition [DE 33].

### III. Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable United States District Judge Robin L. Rosenberg find that Defendant has violated the terms and conditions of supervised release as alleged in allegations #1-4 in the Petition. It is also recommended that this matter be set down for sentencing on violations #1-4 before United States District Judge Robin L. Rosenberg.

**NOTICE OF RIGHT TO OBJECT**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of November 2020.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE